Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOSÉ MANUEL GÓMEZ VÁZQUEZ<br><br>PETICIONARIO<br><br>V.<br><br>LAURA VIERA INGLES<br><br>RECURRIDA | TA2026CE00696 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>CASO NÚM.: SJ2026RF00083<br><br>SOBRE: Custodia Relaciones/ Materno Filiales, Custodia -Monoparental o Compartida, Alimentos – Menores de Edad |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de junio de 2026.

Comparece ante nos, el señor José Manuel Gómez Vázquez, (en adelante "el peticionario"). Solicita nuestra intervención para que dejemos sin efecto la *"Resolución Interlocutoria"* emitida y notificada el 4 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante esta, el foro primario resolvió que el menor procreado por las partes de este litigio debe matricularse en el Colegio Santa Gema y no en Robinson School.

Por los fundamentos que expondremos a continuación, *denegamos* la *expedición* del auto de *certiorari* presentado.

**I.**

Los hechos ante nos tienen su origen en la *"Demanda de Custodia Compartida en Tiempo Igual, Relaciones Filiales y Alimentos,"* presentada el 27 de enero de 2026, por el peticionario. Surge de la Demanda, que el peticionario y la señora Laura Viera Ingles (en lo sucesivo, "la recurrida") mantuvieron una relación afectiva análoga a la conyugal durante la cual

procrearon al menor L.G.V. También se desprende de la Demanda, que las partes habían mantenido un acuerdo extrajudicial de custodia compartida. Sin embargo, adujo el peticionario, que recientemente la recurrida comenzó a obstaculizar el tiempo de visita y de relación con su hijo. Particularizó, que la recurrida cambió de posición respecto al acuerdo que tenían las partes sobre reubicar al menor en un Colegio americano y/o internacional. En específico, aseveró que la recurrida se había negado a gestionar visitas escolares y procesos de matrícula. Ante tales alegaciones, solicitó al foro primario, entre otras cosas, que establezca el ejercicio de una custodia compartida; que refiera el caso a la Examinadora de Pensiones Alimentarias; y que ordene que la recurrida participe de buena fe en la selección escolar del hijo de ambos.

Posteriormente, el 24 de febrero de 2026, el peticionario presentó *"Urgente en Auxilio Moción sobre Matrícula del Menor."* Expuso, que conversó con la recurrida y le sugirió matricular al hijo de ambos en el colegio Robinson School. No obstante, indicó, que la recurrida no asistió a la orientación convocada por el referido Colegio y expresó su interés de matricular al menor en el Colegio Santa Gema. El peticionario sostuvo, que el colegio Robinson School garantiza un mejor bienestar para el menor debido a sus ofrecimientos curriculares relativos al idioma, tecnología, modelo académico, reconocimientos, entre otros factores. Además, arguyó que está capacitado para llevar diariamente al menor a dicho Colegio y esgrimió que cuenta con el apoyo familiar para recogerlo en las tardes que a él o a la recurrida se le imposibilite realizar tal gestión. A su vez, expresó estar dispuesto a sufragar todos los gastos de la colegiatura. Ante ello, solicitó al foro de origen que autorizara matricular al menor en el colegio Robinson School.

En atención de lo anterior, el 20 de marzo de 2026, el tribunal de instancia le permitió al peticionario escoger el colegio del menor y pagar la totalidad de los gastos escolares.

En la misma fecha, la recurrida presentó *"Contestación a Demanda y Reconvención."* En lo atinente, negó haber pactado matricular al menor en un colegio americano y/o internacional. De igual modo, negó que se haya rehusado a visitar instituciones escolares. Sobre el particular, adujo que únicamente solicitó mayor flexibilidad de horario para realizar las visitas. Además, sostuvo que contrario al peticionario, ella no cuenta con la disponibilidad para entregar o recoger al menor en una institución escolar que se encuentre fuera de los limites del municipio de Carolina. Agregó, que se cumple con el mejor bienestar del menor si se autoriza que éste sea matriculado en una institución escolar de dicho Municipio, puesto que de lo contrario el tiempo de relación entre ella y el menor se vería muy limitado dado a su horario laboral y a sus responsabilidades educativas respecto a su otro hijo también menor de edad. De otra parte, indicó que el Colegio Santa Gema había sido también considerado por el peticionario entre las alternativas de selección escolar para el menor L.G.V.

Acto seguido, la recurrida presentó *"Urgente Reconsideración a Orden."* Sostuvo, que el foro primario erró al conceder la petición de selección escolar, propuesta por el peticionario, sin darle a ella la oportunidad de expresarse al respecto. Asimismo, adujo que tal decisión le privó de su derecho a ejercer de forma efectiva la patria potestad que ostenta sobre el menor L.G.V. Expuestas sus alegaciones, peticionó al foro primario que reconsiderara la referida Orden; que le provea a las partes escoger cada una tres (3) colegios para presentar las opciones seleccionadas ante la consideración del Tribunal; y que cite a ambas partes a una vista evidenciaria con el fin de que puedan declarar sus respectivas posiciones sobre la institución escolar a la que debe asistir el menor.

Así las cosas, el 7 de abril de 2026, el foro primario celebró vista para el presente caso. Surge de la *"Minuta"* notificada el 15 del mismo mes y año las siguientes expresiones proferidas por el aludido foro:

> [E]l Tribunal manifestó a las partes que se sienten a dialogar por el bien del menor y busquen una solución completa que incluya la escuela, relaciones y custodia. El Tribunal concede un término de 15 días para que las abogadas se reúnan y en 30 días se reunirán con el Tribunal abogados solamente. De no llegar a un acuerdo el Tribunal enviara el caso a la Unidad Social para que se realice un informe social.

No obstante, el 30 de abril de 2026, la recurrida, entre otras cosas, peticionó que la controversia sobre la selección de escuela fuera referida a la Unidad Social de Relaciones de Familia. En atención de lo anterior, el foro primario expuso mediante *"Orden"* las siguientes expresiones: "Se atenderá según el plan de trabajo establecido el 7 de abril de 2026."

El 4 de mayo de 2026, el tribunal de instancia, notificó la *"Resolución Interlocutoria"* que hoy se nos solicita revisar. Comunicó que, en la vista celebrada en la misma fecha, las representaciones legales de las partes informaron que no llegaron a algún acuerdo sobre la selección de escuela para el menor. Añadió, que las abogadas del peticionario le solicitaron que procediera a adjudicar el asunto en disputa, puesto que el Colegio sugerido por la referida parte estableció el día 20 de mayo de 2026 como la fecha límite para realizar actos de matrícula. Ante ello, el foro primario resolvió que el menor debe matricularse en Santa Gema y no en Robinson School.

En desacuerdo, el 6 de mayo de 2026, el peticionario presentó *"Moción en Solicitud de Reconsideración,"* la cual el mismo día fue declarada *No Ha Lugar* por el foro primario.

Aun en desacuerdo, el 31 de mayo de 2026, el peticionario presentó oportunamente ante este Tribunal un recurso de *certiorari.* Mediante este, esbozó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al abusar de su discreción y ordenar a que el menor se matricule en el colegio sugerido por la madre cuando el colegio sugerido por el padre le provee mejores oportunidades académicas al menor y esto no ir en el mejor beneficio del menor y por tanto no cumplir con su deber de *parens patrie.*

> Erró el Tribunal de Primera Instancia al no remitir la controversia sobre el colegio en el que estudiaría el menor a la Unidad Social de Relaciones de Familia para que evaluara todos los factores y alegaciones de las partes.

Expirado el término dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones para que la recurrida presentara su oposición a la expedición del auto de *certiorari*, procedemos a disponer del recurso presentado. Véase, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 60, 215 DPR ____ (2025).

**II.**

**Recurso de Certiorari:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Alio v. Santiago Chardón y otros*, 2026 TSPR 113; *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ____ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función

del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una

conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

En el caso ante nuestra consideración, el peticionario recurre de una resolución interlocutoria mediante la cual el tribunal de instancia autorizó que el menor L.G.V. sea matriculado en el Colegio propuesto por la recurrida y no en el sugerido por el peticionario. Ante este escenario, el peticionario nos solicita que revoquemos la determinación objeto de revisión. En consecuencia, permitamos que el menor sea matriculado en el colegio elegido por él.

Tras un examen de la totalidad del expediente ante nuestra consideración, determinamos *denegar* la expedición del auto de *certiorari.*

Es conocido, que la decisión de expedición de un recurso de *certiorari* está supeditada a la discreción de este Tribunal de Apelaciones, a tenor de los parámetros de la Regla 40, *supra.* Así pues, al examinar los criterios de la precitada Regla, concluimos no intervenir en los méritos de la *"Resolución Interlocutoria"* emitida por el tribunal de instancia. Concedemos deferencia a la decisión discrecional que en estos momentos decidió adoptar el foro primario ante el desacuerdo expresado por las partes.

**IV.**

Por los fundamentos expuestos, *denegamos* al amparo de la Regla 40 del Tribunal de Apelaciones, *supra*, la *expedición* del auto de *certiorari* presentado por el peticionario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones